**In re NEU–DELI CORPORATION, Debtor.**

**Bankruptcy No. 80–00547.**

United States Bankruptcy Court, S. D. Alabama.

Feb. 16, 1982.

Paul M. Foerster, Jr., Mobile, Ala., Trustee, pro se.

James W. Tarlton, III, Mobile, Ala., for the Baldwin National Bank of Robertsdale (Bank).

## ORDER ON OBJECTION TO CLAIM

WILL G. CAFFEY, Jr., Bankruptcy Judge:

This matter having come on for hearing upon the Objection of the Trustee to Claim No. 12 of the Baldwin National Bank of Robertsdale filed in the amount of $86,-534.93 as a secured claim; due notice of said hearing having been issued; and evidence and arguments having been submitted;

Now, therefore, the Court finds, concludes and orders as follows:

### FINDINGS OF FACT

According to this Court's Order dated December 30, 1980, entered in Adversary Proceeding No. 80–0261, the Bank was authorized to proceed with foreclosure of its interest in real property of the debtor described therein, and the Trustee was authorized to sell certain items of the debtor's personal property, including personal property upon which the Bank held a valid lien.

On January 15, 1981 the Bank filed a secured claim in the amount of $86,534.93 based upon a balance due on the debt secured by a first mortgage in the amount of $47,870.01 and a balance due on the debt secured by a second mortgage and security interest of $38,664.92.

The real property, according to qualified appraisers, had a value ranging from $81,000.00 to $115,000.00.

The Bank advertised a Mortgage Foreclosure on January 15, 22, and 29, 1981 in the Eastern Shore Courier.

R. T. Parks, Jr., Senior Vice President of the Bank, also made personal contacts with individuals known in the restaurant business without any success.

On February 18, 1981 the Bank held a sale of the property. No prospective purchasers appeared. The Bank made the only bid at the sale, which was $65,000.00.

In accordance with the Court's Order of December 30, 1981, the Bank filed a report of sale which stated the total indebtedness as of February 18, 1981 as follows:

| | |
|---|---|
| Debt on first mortgage | $47,870.01 |
| Debt on second mortgage | 38,664.92 |
| Interest on Second mortgage from 12/23/80–2/18/81 at $11.40 per day | 649.80 |
| Attorney's fees on second mortgage including bankruptcy proceedings and foreclosure | 2,979.83 |
| Advertising costs | 59.09 |
| Appraiser's fee for use at adversary proceeding | 100.00 |
| Total | $90,323.65 |

After applying the bid at foreclosure of $65,000.00 the Bank makes a claim against the bankruptcy estate for $25,323.65.

The Trustee sold the personal property in bulk on February 18, 1981 for $6,500.00. The Trustee received individual bids on the personal property totaling $5,658.00. Of this total, the items to which the Bank's interest attached totaled $2,970.00, which is 52.5% of the total individual bids.

In connection with the protection, preservation and sale of the property, the Trustee incurred the following expenses for which he claims partial reimbursement:

| | |
|---|---|
| Advertising Sale of Personal Property | $ 43.68 |
| Appraisal of Personal Property | 75.00 |
| Appraisal of Real Property | 150.00 |
| Moving personal property, storage and assistance at sale | 360.50 |

| | |
|---|---|
| Trustee's Statutory Commissions | $ 375.00 |
| Attorney's Fees | 700.00 |

From the evidence and by mathematical calculation the Court finds that, as of the date of bankruptcy, the amount due on the first mortgage debt was $46,279.77 and the amount due on the second mortgage debt was $36,749.72.

## CONCLUSIONS OF LAW

Since the Bank was unable to recover its secured debt from the sale of the real property, it is entitled to recover from the Trustee its proportionate share of the proceeds derived from the sale of the personal property which is computed to be $3,412.50 (52.5% × $6,500.00). However, the Trustee is entitled to charge that secured claim with the reasonable costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the secured creditor. Bankruptcy Code, Section 506(c).

The expenses incurred by the Trustee for the appraisal of the personal property ($75.00), the advertising of the sale ($43.68), and the moving, storage and help at the sale ($360.50) are considered to be reasonable and of benefit to the secured creditor. All other charges and expenses claimed by the Trustee, as set out in the Findings of Fact, are not deemed to have benefited the Bank.

Therefore, the Bank is due to recover from the Trustee the sum of $3,412.50 less 52.5% of $479.18 ($251.57), or $3,160.93.

While the evidence at the hearing held prior to the Court's Order in Adversary Proceeding No. 80–0261 dated December 30, 1980 indicated that the Bank was oversecured and, therefore, entitled to interest, fees, costs and other charges, as claimed, the values established at the sale of the real and personal property shows that the Bank was, in reality, undersecured, and was not entitled to post-petition interest, fees, costs and other charges. Bankruptcy Code, Section 506(b); Bankruptcy Code, Section 502(b)(2).

The Bank's claim, as of the date of the filing of the petition in bankruptcy, consisted of the balances then due on the debts secured by the two mortgages and the perfected security interest. in the personal property, or $83,029.49 as set out in the Findings of Fact. After applying the proceeds from the sale of the real property ($65,000.00) and the net amount to be paid to the Bank by the Trustee from the sale of the personal property ($3,160.93), it is entitled to an un-secured claim herein in the amount of $14,868.56.

ORDER

Now, therefore, it is ORDERED, ADJUDGED and DECREED that the Trustee is to TURN OVER the sum of $3,160.93 to the Baldwin National Bank of Robertsdale; and it is

FURTHER ORDERED that the Trustee's Objection to Claim No. 12, filed by the Baldwin National Bank of Robertsdale, as a secured claim in the amount of $86,534.93 be, and the same hereby is, SUSTAINED and said claim is REDUCED and ALLOWED as an unsecured claim in the amount of $14,868.56.