BRIGHT, Circuit Judge,
dissenting.
Section 506(c) of the Bankruptcy Reform Act allows the trustee or debtor in possession to recover “from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim” 11 U.S.C. § 506(c) (1982).
In adopting the district court’s opinion as its own, the court holds that the Borrons may not recover the reasonable and necessary expenses incurred in preserving the collateral because these expenditures did not benefit the creditor. Because I believe that the funds expended by the Borrons benefited the creditor, I dissent.
Section 506(c) of the Bankruptcy Reform Act expresses the equitable principle that a “lienholder may be charged with the reasonable costs and expenses incurred by the debtor, debtor in possession or trustee which are required to preserve or dispose of the property subject to the lien to the extent the lienholder derives a benefit therefrom.” 3 L. King Collier on Bankruptcy ¶ 506.6, at 506-43 (15th Ed. 1984). See also In the Matter of Trim-X, Inc., 695 F.2d 296, 301 (7th Cir.1982); In re Korupp Associates, Inc., 30 B.R. 659, 661 (Bkrtcy.D.Me.1983). As the court points out in In re Codesco, Inc., 18 B.R. 225 (Bkrtcy.S.D.N.Y.1982), the rationale underlying this principle is that “the general estate and unsecured creditor should not be required to bear the cost of protecting what is not theirs.” Id. at 230. See also In re AFCO Enterprises, Inc., 35 B.R. 512, 515 (Bkrtcy.D.Utah 1983) (when only secured creditor benefits from trustee’s work, he should bear expense). In enacting section 506(c), Congress determined that the trustee or debtor in possession should be allowed to recover reasonable expenses necessary to preserve and dispose of the secured creditor’s collateral “to the extent of any benefit to the holder of such [secured] claim.” S.Rep. No. 989, 95th Cong. 2d Sess. 68, H.R.Rep. No. 595, 95th Cong., 2d Sess. 357, reprinted in 1978 U.S.Code Cong. & Ad. News 5787, 5854, 6313.
As the majority opinion correctly points out, courts that have considered section 506(c) have narrowly interpreted the concept of “benefit” to the secured creditor. To show benefit, the trustee or debtor in possession must demonstrate in quantifiable terms that he has expended funds “which directly protect and preserve the collateral.” In re Sonoma V., 24 B.R. 600, 603 (Bkrtcy. 9th Cir.1982). See also In re Korupp Associates, Inc., supra, 30 B.R. at 661; In re Codesco, Inc., supra, 18 B.R. at 229. Unless the trustee or debtor in possession can show that “but for his efforts the sum realizable from the [secured] prop *954 erty would have been less” than it was, he cannot recover expenses under section 506(c). See Dozoryst v. First Financial Savings and Loan Association, 21 B.R. 392, 394 (N.D.Ill.1982).
From the time the Borrons filed for bankruptcy until the bankruptcy court granted the creditor relief from the automatic stay, the Borrons expended funds for the care and feeding of the turkeys and livestock. The Borrons filed operating reports with the bankruptcy court indicating that they spent about $100,000 in August and September of 1982, and at the November 2, 1982, bankruptcy hearing they estimated that they had spent in total about $145,000. That these expenditures benefited the creditor cannot be denied. The uncontested evidence indicates that during the pendency of the bankruptcy proceedings the turkeys and livestock increased in value as they increased in weight. Indeed, none of the turkeys were marketable in August 1982, and by November 1982, approximately one-third of them had reached market weight, with the others closer to market weight than they had been in August. Had the creditor obtained immediate possession of the turkeys and livestock in August 1982, it would have borne the cost of feeding and caring for them during this period. Because it did not have to pay these costs, it derived a benefit from the Borrons having done so.
In similar cases other courts have allowed recovery of expenses incurred in preserving or improving collateral. In In re AFCO Enterprises, Inc., supra, the court awarded the trustee expenses he incurred in maintaining a resort as a going concern during the pendency of bankruptcy proceedings. 35 B.R. at 517. There, the trustee expended funds for “operating, repairing and managing the facility, advertising and marketing the property for sale, preparing budgets and financial forecasts, evaluating contracts and leases affecting the property, and negotiating with [the secured creditor] and other creditors.” Id. at 513. In awarding recovery of expenses under section 506(c), the court noted that “[preservation of the going concern value of a business can constitute a benefit to the secured creditor.” Id. at 515. Similarly, in In re Hamilton, 18 B.R. 868 (Bkrtcy.D. Colo.1982), the court also determined that the secured creditor derived a benefit from the debtor’s postpetition expenditures to preserve and improve the collateral. Id. at 873. In that case, the court allowed the debtor recovery of costs incurred in maintaining, harvesting, and marketing crops. Id. See also In re Jim Kelly Ford of Dundee, Ltd., 14 B.R. 812, 816-17 n. 8 (N.D.Ill.1980); In re Neu-Deli Corp., 19 B.R. 175, 176 (Bkrtcy.S.D.Ala.1982); 3 Collier, supra, ¶ 506.6, at 506-43 to 506-44. Like the expenditures in these cases, the monies expended by the Borrons for the care and feeding of the collateral have inured principally to the benefit of the creditor. In keeping with the equitable principles underlying section 506(c), the creditor should bear the cost of this benefit.
In their counterclaim for expenses under section 506(c), the Borrons sought a declaration that they would be entitled to recover expenses incurred in maintaining the collateral to the extent their creditor derived a benefit therefrom. Concededly, they have not provided the court with a specific accounting of expenditures that went to specific items of collateral, and the extent to which those expenditures increased the value of the collateral. But as the Borrons point out in their brief, many of these expenses could not be precisely determined when the bankruptcy court considered their counterclaim for expenses. In any event, despite the absence of a specific accounting of expenses, the record shows that the Borrons expended funds to feed and care for the collateral during the pendency of the bankruptcy proceedings, and that the collateral increased in value as a result of those expenditures.
Accordingly, I would reverse the decision of the district court with directions to remand the case to the bankruptcy court for a final accounting. On remand, the Borrons would be required to show that specific postpetition expenses went to specific *955 items of collateral, and to demonstrate the extent to which the value of the collateral increased as a direct result of those expenditures.